## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | : : : | CIVIL ACTION NO. ___-CV-_____ |
| *Plaintiff,* | : : : | |
| v. | : : | |
| VALUEWALK, LLC and JACOB O. WOLINSKY and DOES 1-10, | : : : : : | |
| *Defendants.* | : : : | |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Michael Grecco Productions, Inc. ("Grecco Productions"), seeking

monetary relief, alleges as follows:

1.     The address of each named party is as follows:

Michael Grecco Productions, Inc., 3103 17th Street, Santa Monica, California 90405;

ValueWalk, LLC, 295 Madison Ave, 12th Floor, New York City, NY 10017; and

Jacob O. Wolinsky, 381 Terhune Ave., Passaic, NJ, 07055.

2.     This is an action for direct and contributory and vicarious copyright

infringement of  a professional photographer's works arising under the Copyright Act of

1976, 17 U.S.C. §§ 101 *et seq.,* and for removing or concealing copyright management

information concerning the work in violation of the Digital Millennium Copyright Act,

17 U.S.C. § 1202.

2288142_1

**JURISDICTION AND VENUE**

3.      This court has subject matter jurisdiction over the copyright infringement claims, with jurisdiction vested in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights); and, on information and belief, 28 U.S. C. § 1332(a) (complete diversity and claim over $75,000).

4.      This Court has general personal jurisdiction over the Defendants because they do continuous and systematic business in Manhattan, New York City, the location of the business office of ValueWalk, LLC ("ValueWalk").

5.      Venue is proper pursuant to 28 U.S.C. § 1400(a) (venue in copyright actions) as Defendants may be found in this District where it is subject to the Court's jurisdiction.   In addition, venue is proper under 28 U.S.C. § 1391(1) (defendant ValueWalk's residence).

**THE PARTIES**

**Plaintiff Owns Copyrights in the Work of a Prominent Photographer Who Leads a Professional Effort to Combat Copyright Piracy**

6.      Plaintiff Grecco Productions is a photography studio and business owned and operated by photographer Michael Grecco ("Mr. Grecco").  Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc.,  and is incorporated in California.

7.      Mr. Grecco, principal and sole shareholder of Grecco Productions, is an award winning commercial photographer and film director.  He is noted for his celebrity portraits, innovative magazine covers, editorial images and advertising spreads for numerous Fortune 500 companies and such widely recognized media, advertisement, and

2317358_2                                           2

entertainment organizations as *Time*, *People Magazine*, *Newsweek*, *Esquire*, *Vanity Fair*, *Forbes*, *Rolling Stone, Wired, Entertainment Weekly*, *ESPN*, among others.  He has developed a specialty reputation as a celebrity photographer who has been retained to photograph subjects including Martin Scorsese, Hugh Hefner, Robert Duvall, Lucy Liu, Will Ferrell, Mel Brooks, Christina Applegate, Ben Stiller, Owen Wilson, Penelope Cruz, Jet Li, Bill Murray, Joaquin Phoenix and Rene Russo.

8.      Mr. Grecco is the author of two technical treatises, *The Art of Portrait Photography, Creative Lighting Techniques and Strategies*, Amherst Media (2000) ISBN 0936262850, and *Lighting and the Dramatic Portrait, the Art of Celebrity and Editorial Photography*, *Amphoto* (2006) ISBN 0817442278.  He is also the author of *Naked Ambition: An R Rated Look at an X Rated Industry*, Rock Out Books (2007) ISBN 0979331404, and he is also the director of a 2009 documentary film with the same title. Michael Grecco received the Hasselblad Masters Award in June 2001 and several awards in the 2011 Prix de la Photographie Paris competition.

9.      In 2012 Mr. Grecco was a recipient of the Professional Photographer Leadership Award from the United Nations International Photographic Council in recognition of his work with the American Photographic Artists ("APA") organization. His reputation for professional service turns, in part, on his efforts to educate photographers concerning the benefits of copyright registration as a way to combat the pandemic of image piracy of that accompanied the rise of the internet.  Mr. Grecco serves on the board of APA as national Executive Vice President, and is the chair of the Advocacy Committee which fights for the rights of image creators.

10.     An article in the October 12, 2015 issue of *Photo District News* titled

"How (And Why) To Make Copyright Registration Part Of Your Workflow" consists of

an interview with Mr. Grecco concerning his system of routine copyright registration

procedures for the benefit of the profession.  *See*

http://www.pdnonline.com/features/How-And-Why-To-Make-Copyright-Registration-

Part-Of-Your-Workflow-14715.shtml#sthash.9YRzKrrt.dpuf.  Mr. Grecco teaches that

the economic viability of photography as an art and profession is endangered because

"[p]eople are systematically stealing, and we need to systematically defend ourselves."

By complying with copyright registration requirements, and then asserting their rights to

statutory damages under the Copyright Act, Mr. Grecco contends that photographers can

turn the table on commercial content pirates.   Mr. Grecco also leads workshops,

addresses conferences and has released an educational video to assist artists in protecting

their intellectual property from on-line thieves.  *See*

http://howtoarchive.com/2014/12/worlds-best-file-naming-system/ .

11.     In keeping with his advice to the profession, Mr. Grecco spends time and

money to actively search for hard-to-detect infringements, and he enforces his rights

under the Copyright Act against willful commercial infringers such as Defendant

ValueWalk.

**ValueWalk is a Prospering Commercial Website that, on Information and Belief,
Engages in Regular and Systematic Copyright Infringement of Photographs to
<u>Acquire an Inventory of Content without License or Payment to Creators</u>**

12.     Defendant, ValueWalk, LLC, is a limited liability company organized

under the laws of the state of New Jersey.  It owns and operates the website,

ValueWalk.com, located at the URL http://www.valuewalk.com/.

2317358_2                                          4

13.     ValueWalk.com, which began publishing as a financial news and
investing web site in 2010, has "grown to become a global leader in breaking financial
industry news- with a focus on value investing, hedge funds, large asset managers- in
addition to technology industry news, business news, and political news." *See* ValueWalk
media buyer's booklet at Exhibit "1."  The site is "read each day by senior executives at
Fortune 500  companies, banks, asset management firms, and the like." *Id.*  ValueWalk
claims to have "made its way to the top of the investment media circuit" due to its
content:  "The site has gained in popularity around the  investment world due to its
breaking stories regarding hedge funds and investigative reports on  investments by major
funds." *Id.*

14.     ValueWalk claims in excess of two million site visitors per month drawn
to its stories.  *Id.* It touts the characteristics of those users to potential advertisers (*i.e.*,
largely male high income earners aged 25-45).  The site claims it also has "tens of
thousands of subscribers via its newsletter, Twitter, Facebook and other media outlets."
*See*  http://www.valuewalk.com/about/about-the-site/

15.     ValueWalk is not a grey compendium of information.  Its appeal to its
much-touted advertising demographic is due, in part, to its liberal use of photographs,
videos, and other graphics.  Indeed, photographs, video clips, and other graphics occupy
more space than text in most of its "front page" stories.

16.     The damage to infringed copyright owners caused by ValueWalk's
copying is magnified by its practice of republishing its works in other financial media
outlets.  Its media buyer's booklet touts such republications:

> Syndication partnerships allow for content to be shared with media
> partners such as *TheStreet* and *SeekingAlpha*. Other content, which

ValueWalk.com produces, is syndicated through many financial industry powerhouses such as *BloombergTV, Newsweek, Royce Funds*, and many others. ValueWalk.com also is partnered to syndicate content from outside sources, such as leading investment blogs.

*See* Exhibit "1"  ("ValueWalk.com has seen great success due to two major contributors… its

partnerships with other financial media outlets and website traffic exposure…")

17.    Accordingly, the value of works infringed by ValueWorks is further

diminished by its  practice of republishing infringing works in other media outlets.

18.    ValueWalk operates in an industry where copyright is prevalent and is

fully knowledgeable about and experienced with copyright ownership and law.  It

aggressively asserts exclusive legal rights to its "own" content.  The site's "legal

disclaimer" states:

> The information, content, graphics, text, sounds, images, buttons, trade marks, service marks, trade names and logos (the "Materials") contained in this website are protected by copyright, trade mark, database right, sui generis right and other intellectual property laws, under national laws and international treaties. You are granted a limited licence [sic] solely for your own personal, non-commercial use to refer to, bookmark or point to any page within this website, and to download the Materials contained on this website to a single personal computer, and to print a single hard copy of the Materials contained on this website for your own personal reference, provided however that all copyright, trade mark and other proprietary notices are left intact. The grant of this limited licence [sic] is conditional on your agreement to, and compliance with, all of these terms and conditions of use. Any other use of the Materials on this website, including any form of copying or reproduction (for any purposes other than those noted above) modification, distribution, re-publication, extraction, re-utilisation, incorporation or integration with other materials or works or re-delivery using framing technology, without the prior written permission of ValueWalk LLC, is strictly prohibited and is in violation of our proprietary rights.

*See* ValueWalk's legal disclaimer at Exhibit "2."

19.    Indeed, in defense of its own purported "proprietary rights," ValueWalk

asserts copyright ownership of all "images" on its site, recognizing no exception for

unlicensed images, such as the subject of this action, which it acquires by theft. ValueWalk asserts that "any form of copying or reproduction" of "images… contained in this website" – *including that owned by Grecco Productions* – "without the prior written permission of ValueWalk LLC, is strictly prohibited and is in violation of our proprietary rights."

20.    Defendant Jacob O. Wolinsky ("Wolinsky") is a natural person who is the founder and Chief Executive Officer of ValueWalk.  On information and belief, he operates and manages ValueWalk.com at 295 Madison Ave, 12th Floor, New York City, NY 10017.

21.    Wolinsky is the registered agent for service of process upon ValueWalk, which lists its agent's address as 381 Terhune Ave., Passaic, NJ, 07055.

22.    Wolinsky is listed in the records of the Division of Revenue, New Jersey Department of the Treasury, as the sole member/manager of ValueWalk, LLC.

23.    Defendants DOES 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein including, but not limited to, employees, agents, and advisors of  ValueWalk, its investors, internet-related service vendors, and advertisers who knowingly abetted and profited from the company's illegal practices.  The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Grecco Productions, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when that information has been ascertained in discovery.

24.     Jacob Wolinsky and each of the parties herein named as DOES 1-10 are responsible in some manner or fashion for the infringement of Plaintiff's work, and are liable and responsible on the facts alleged herein for all the relief sought.  All defendants are jointly and severally liable for all acts of infringement described herein.

## Facts

### Grecco Productions Created and Registered
### Its Copyright in the Protected Work

25.     On or about February, 2011, Mr. Grecco photographed a prominent financier, Jeffrey Gundlach, to accompany an article in *Barron's* magazine, an affiliate of the *Wall Street Journal* and a competitor of ValueWalk (the "Protected Work").  *See* Protected Work image at Exhibit "3."

26.     Grecco Productions registered the Protected Work with the Copyright Office on February 20, 2011 as Registration Number VAu 1-058-559, and deposited a copy of the Protected Work.  *See* Certificate of Registration at Exhibit "4."

27.     The Protected Work is a highly-staged studio portrait that is obviously the work of a professional photographer.

28.     The Protected Work did, in fact, appear in *Barron's* magazine, cropped top and bottom, on or about February 21, 2011.  It illustrated a cover story about Mr. Gundlach titled "The King of Bonds."  *See Barron's* article at Exhibit "5."

29.     That publication included a "gutter credit" stating: "Jeffrey Gundlach *Michael Grecco for Barron's."*

30.     Accordingly, any law-abiding prospective licensees of the image could identify the copyright proprietor and could have inquired concerning the purchase of a license to use the work.

31.     The credit that *Barron's* attached to the Protected Work is Copyright

Management Information ("CMI") under the Digital Millennium Copyright Act.  *See* 17

U.S.C. § 1202(c)(1) to (8).

32.     Grecco Productions granted a license to *Barron's* for its own use of the

image, but did not grant *Barron's* any right to relicense the Protected Work to secondary

users.

33.     *Barron's* did not relicense the Protected Work to ValueWalk.

34.     Grecco Productions did not release the Protected Work to any stock

photograph agency to distribute.  It retained all rights to the work.

### ValueWalk Infringed Grecco Productions' Copyright

35.      On or about 2014 ValueWalk published an article titled "Jeffrey

Gundlach Resource Page" that included a copy of the Protected Work.  *See* the Infringing

Work at Exhibit "6."

36.     The Infringing Work referenced *Barron's* "The King of Bonds" article in

which the Protected Work appeared with the CMI notice identifying Michael Grecco as

the photographer.

37.     Accordingly, ValueWalk knew that Mr. Grecco was the author of the

photograph in *Barron's* that it stole because it saw the Protected Work published in the

*Barron's* article with its CMI.

38.     In addition to referencing the *Barron's* story in which CMI was printed in

connection with the image, ValueWalk republished the image of Mr. Gundlach cropped

exactly as *Barron's* published it.  Accordingly, ValueWalk knew that Grecco was the

author of the Infringed Work.

39.     Grecco Productions did not license ValueWalk's republication of its photograph of Mr. Gundlach in the Infringing Work.

40.     ValueWalk did not make any inquiry of Grecco Productions seeking to lawfully license its use of the Protected Work.

41.     On information and belief, ValueWalk made no effort whatsoever seeking a license to use the Protected Work.

42.     ValueWalk's publication of the work did not include the CMI that was printed in connection with the original Protected Work that appeared in the *Barron's* article that ValueWalk was aware of and that it referenced in the Infringing Work.

43.     On information and belief, ValueWalk deleted the CMI that *Barron's* published, or it knew the CMI had been deleted when it republished the image without its CMI, in order to conceal its routine practice of copyright infringement.

44.     The Infringing Work was continuously displayed on ValueWalk's website until July 12, 2016, the day after Mr. Grecco contacted ValueWalk concerning its infringement of his copyright.

45.     By inserting a CMI notice stating "Copyright © 2016 ValueWalk" at page eight of the Infringing Work, ValueWalk asserted its own exclusive ownership of its work *including* Grecco Production's image of Mr. Gundlach.  *See* Exhibit "6."

**Effect on Authors of Routine Commercial Theft of Intellectual Property**

46.     Apart from the particular injury to Grecco Productions, the practice of on-line intellectual property theft for commercial exploitation threatens to diminish the market for photographers and other content creators.   If authors whose business survival depends upon licensing their works find themselves in competition with their own works

published by internet pirates for free, the authors cannot survive as professionals.  Few

authors could produce professional-grade content by investing time, effort and money in

creating works that are routinely stolen after initial publication.  Commercial infringers

such as ValueWalk act as if publication released works into the public (except for their

own works, for which they vigorously assert property rights).  Prospective licensees will

be encouraged to likewise acquire their inventory of content by theft, rather than by

licensure, as they must compete with pirate websites such as ValueWalk that, in

substantial part, steal their inventory of content.   A case like this presents precisely the

misconduct that the Copyright Act was enacted to deter and punish.

### COUNT I

*Grecco Productions v. All Defendants*
**(Copyright Infringement, 17 U.S.C. § 501)**

47.     Plaintiff incorporates by reference all the allegations of paragraphs 1

through 46.

48.     Plaintiff is the author and copyright owner of the Protected Work.

49.     Defendants have reproduced, displayed, distributed or otherwise copied

the Protected Work without Plaintiff's license or authorization.

50.     The actions and conduct of Defendants, as described above, infringed

upon the exclusive rights granted to Grecco Productions under 17 U.S.C.A. 106 to

display, reproduce and distribute their work to the public.  Such actions and conduct

constitute copyright infringement under the Copyright Act of 1976, 17 U.S.C.A. 501.

51.     Plaintiff has complied in all respects with 17 U.S.C. §§ 101 *et seq*., and

secured and registered the exclusive rights and privileges in and to the copyrights of the

above-referenced works pursuant to 17 U.S.C. § 408.

52.     Having timely registered its copyright in its work, Plaintiff is entitled to elect statutory damages under 17 USC § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringed work.

53.     Because the test for "willful" infringement encompasses reckless disregard for the rights of copyright owners, willfulness can be established by evidence that a commercial infringer operating in the media business where copyrights are common "lacked a license compliance program during the relevant time period." *Psihoyos v. John Wiley & Sons, Inc.*, 2012 WL 5506121, at \*2 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 748 F.3d 120 (2d Cir. 2014).  That a defendant routinely violated the copyrights of nonparty photographers can establish willful infringement of a party plaintiff's work by showing that the defendant is a "repeat infringer." *Id.* at \*3.

54.     On information and belief, ValueWalk had no license compliance program in place for obtaining licenses and/or other permissions from copyright owners of photographs or graphics that it published, and it published many unlicensed images.  It had no budget and/or actual expenses for the acquisition of rights in photographs or graphics owned by artists or others which ValueWalk exploited commercially.  It maintained no "rights book" or similar documentation showing that it has licensed the rights to the photographs and graphics that it published.   On information and belief, it simply stole images at will because doing so was easy and free.  That is willful infringement.

55.     Because Defendants' copyright infringement was willful, and because Plaintiff registered its copyright in the Protected Work, it is entitled to enhanced statutory

2317358_2                                   12

damages pursuant to 17 U.S. Code § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) for the infringement.

56.     In the alternative, Plaintiff is entitled to elect recovery of its actual damages and Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. 504(b).

57.     Within the time permitted by law, Plaintiff will make its election between actual damages and profit disgorgement, or statutory damages, depending upon which is larger.

58.     Pre-infringement copyright registration also entitles Plaintiff to a discretionary award of attorney's fees pursuant to 17 USC § 412 and § 505.

## COUNT II

### *Grecco Productions v. Wolinsky and Does 1-10*
**(Vicarious and/or Contributory Copyright Infringement)**

59.     Plaintiff incorporates by reference all the allegations of paragraphs 1 through 58.

60.     On information and belief, Wolinsky and persons presently unknown, identified as Does 1-10, knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Protected Work.

61.     On information and belief, Wolinsky and Does 1-10, if they were not direct infringers, knew or should have known of the infringing activity.

62.     On information and belief, Wolinsky and Does 1-10 provided the site and means for such infringing activity to occur, and they or any of them encouraged ValueWalk's employees and representatives to discover and post to its website pirated content that it or they knew was the property of others.

2317358_2

63.     On information and belief, Wolinsky and Does 1-10, obtained direct and indirect profits it or they would not otherwise have realized but for the infringement of Grecco Production's rights in the Protected Work.

64.     As a direct and proximate result of said acts of vicarious and contributory infringement, Plaintiff has suffered substantial damages.

65.     Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by Wolinsky and Does 1-10, in an amount to be proven at trial or, at its election, statutory damages.

66.     Because Wolinsky's and Does 1-10's copyright infringement was willful, Plaintiff is entitled to statutory damages in the sum of up to $150,000.

67.     Plaintiff is further entitled to a discretionary award of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT III

### *Grecco Productions v. All Defendants*
### (Violation of Digital Millennium Copyright Act)

68.     Plaintiff incorporates by reference all the allegations of paragraphs 1 through 67.

69.     The Digital Millennium Copyright Act ("DMCA") prohibits intentionally removing or altering copyright management information ("CMI"), or distributing CMI knowing it has been removed or altered, "knowing, or ... having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b).  The DMCA defines CMI as information "conveyed in connection with copies" of a work including "the name of, and other identifying information about, the author of a work."  17 U.S.C. § 1202(c)(2).  Notices that are

printed in connection with a photograph such as the gutter credit here, but that do not appear in the photograph itself, are CMI for purposes of the DMCA. *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011).

70. By removing CMI, Defendants also encouraged others to replicate ValueWalk's infringement. The purpose of the notice was to give notice to the world that the images were the property of a copyright owner, and to help direct honest potential licensees.

71. After removing the copyright notice, Defendants damaged Grecco Productions by illegally publishing the Infringing Work on the ValueWalk.com website.

72. On information and belief, Defendants intentionally removed or altered copyright management information from the Protected Work in violation of 17 U.S.C. § 1202(b) in order to induce, enable, facilitate, or conceal infringement in violation of 17 U.S.C.A. § 1202.

73. In the alternative, on information and belief, Defendants distributed and published works or copies of works knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, in violation of 17 U.S.C. § 1202(b)(3).

74. Defendants had reasonable grounds to know that its misconduct would induce, enable, facilitate or conceal infringement.

75. On information and belief, Defendants' actions were knowing, willful, reckless, and so warrant enhanced damages and penalties.

76. Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(4) and (5).

## RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendants for:

1.      A finding that Defendants infringed Plaintiff's copyright interests in the Protected Work by copying and publishing it for commercial purposes without any license or consent;

2.      An  award of actual damages and disgorgement of all of ValueWalk's profits attributable to the infringement, as provided by 17 U.S.C. §504, in an amount to be proven at trial or, in the alternative, at Plaintiff's election, statutory damages for willful infringement pursuant to 17 U.S.C. §504(c)(1) or (2), in the amount of $150,000 for copyright infringement, and in the additional amount of $25,000 pursuant to 17 U.S.C § 1203(c)(3)(B).

3.      An order, pursuant to 17 U.S.C.  502(a) and 17 U.S.C.  1203(b)(1), enjoining the Defendants from any infringing use of any of Plaintiff's work;

4.      An order, pursuant to 17 U.S.C. §§ 502 and 503, impounding or enjoining Defendants to turn over to Plaintiff all copies of the Protected Work claimed to have been made or used in violation of the exclusive right of the copyright owners; all articles by means of which such copies may be reproduced; and records documenting the manufacture, sale, or receipt of things involved in any such violation.

5.      An award of Plaintiff's attorney's fees and costs pursuant to 17 U.S.C. §§505 and 1203(b)(4) and (5).

6.      A finding that Defendants or any of them violated the Digital Millennium Copyright Act, 17 U.S.C. 1202, by knowingly removing Plaintiff's CMI attached to the Protected Work;

2317358_2

16

7.      An award of the actual damages, pursuant to 17 U.S.C. §1203, suffered by

the Plaintiff as a result of the violation of the Digital Millennium Copyright Act, and

profits of Defendants that are attributable to the violation and are not taken into account

in computing the actual damages or, in the alternative, at Plaintiff's election, statutory

damages pursuant to 17 U.S.C. §1203(c)(3)(B), whichever is larger;

8.      Pretrial interest as permitted by law; and

9.      Such other relief as the Court deems just and proper.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

By: */s / Bruce Bellingham*
   Bruce Bellingham, Esquire
   David B. Picker, Esquire
   1635 Market Street, 7th Floor
   Philadelphia, PA 19103
   (215) 241-8916
   *bbellingham@lawsgr.com*
   *dpicker@lawsgr.com*

August 3, 2016          *Attorneys for Plaintiff*